UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| P. BRET CHIAFALO and LEVI GUERRA, <br><br> Plaintiffs, <br><br> v. <br><br> JAY INSLEE, in his official capacity as Governor of Washington, BOB FERGUSON, in his office capacity as Attorney General of Washington, and KIM WYMAN, in her official capacity as Washington Secretary of State, <br><br> Defendants. | CASE NO. <br><br> VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF <br><br> JURY DEMAND |

Plaintiffs, through their undersigned counsel, for their complaint against the above-named defendants aver as follows.

## I.   PARTIES

1.1   P. Bret Chiafalo is a resident of the City of Everett and County of Snohomish, Washington and, pursuant to RCW 29A.56.320, is a presidential elector.

1.2   Levi Guerra is a resident of the City of Warden and County of Grant, Washington and, pursuant to RCW 29A.56.320, is a presidential elector.

1.3   Defendant Jay Inslee is the Governor of Washington and, as its chief executive, has the power to enforce the laws of the State of Washington, including RCW 29A.56.320.

1.4   Defendant Bob Ferguson is the Attorney General of Washington and, in such

1

VERIFIED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

**IMPACT LAW GROUP PLLC**
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 792-5230 • (206) 452-0655 FAX

capacity, enforces the laws of the State of Washington, including RCW 29A.56.340.

1.5     Defendant Kim Wyman is the Secretary of State of Washington and, as such, gives notice of the time and place for the presidential electors to vote, provides documents pursuant to RCW 29A.56.320, certifies the results of the presidential electors' balloting and votes, and, upon information and belief has authority to replace - or to allow the replacement by a party – of a Presidential Elector.

## II.   JURISDICTION & VENUE

2.1     This Court has jurisdiction over the subject matter of this dispute as it raises a federal question pursuant to 28 U.S.C. § 1331 as well as 28 U.S.C. §§ 2201 and 2202.

2.2     The federal question presented by this case is the constitutionality of Washington's Presidential Electors statute, RCW 29A.56.300 *et seq*, which requires electors to vote "for the presidential candidate and, by separate ballot, vice-presidential candidate who received the highest number of votes at the preceding general election in this state." This statute violates Article II of the U.S. Constitution, the First Amendment, the Twelfth Amendment, and the Fourteenth Amendment.

2.3     Unless this Court issues the relief requested, Washington - through the various Defendants - will violate Plaintiffs' constitutional rights. No state can compel any person, including Plaintiffs, to cast their vote for any particular candidate whether in a general election, a special election, or the convention of the Presidential Electors. Further, any state law that dilutes the votes of its electors violates the Equal Protection Clause.

2.4     Venue is proper in this Court under 28 U.S.C. § 1391(b).

## III.   CLAIM FOR RELIEF

3.1     Plaintiffs incorporate the prior allegations as if fully set forth herein.

3.2     On May 21, 2016, Mr. Chiafalo was elected at as a presidential elector at his congressional district caucus. Ms. Guerra was elected at as a presidential elector at her

VERIFIED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

**IMPACT LAW GROUP PLLC**
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 792-5230 • (206) 452-0655 FAX

congressional district caucus. Each is a duly authorized Democratic Party presidential elector and has met all qualifications to be an elector.

3.3    On information and belief, Plaintiffs were required to sign an oath by August 12, 2016 affirming that they would cast their ballots on December 19, 2016 for the Democratic Presidential and Vice-Presidential candidates. *See*, Exhibit A (Declaration of Bret Chiafalo).

3.4    The Democratic Presidential candidate is Hillary Rodham Clinton. The Democratic Vice-Presidential Candidate is Timothy Kaine.

3.5    The Democratic nominees for President and Vice-president won the nationwide popular vote by approximately 2.5 million votes. Nonetheless, Donald Trump and Michael Pence are anticipated to win the majority of Electoral College votes on December 19, 2016 if the presidential electors in each state vote consistent with the popular vote in their respective states.

3.6    Article II of the U.S. Constitution, as amended by the Twelfth Amendment provides that that the presidential electors are to be a deliberative and independent body free to cast votes for whomever they deem the most fit and qualified candidates. Yet many states, including Washington, statutorily require their presidential electors to vote consistent with the popular vote in the state. Thus, despite the plain language of the Constitution, Messrs. Trump and Pence – if the state statutes are enforced – may win the election despite losing the nationwide popular vote by a huge margin.

3.7    Plaintiffs believe that Donald Trump is unfit for office due to, among other factors, his myriad conflicts of interests; his foreign business dealings; his scientifically baseless belief that climate change and global warming are a "hoax;" civil claims currently pending against him or his businesses; his temperament; his promises to discriminate against Muslims and Latinos; his recent correspondence regarding his personal business dealings with the governments of India and Argentina; his lack of experience; his selection for Secretary of

3

VERIFIED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

**IMPACT LAW GROUP PLLC**
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 792-5230 • (206) 452-0655 FAX

Education who lacks any teaching degree or experience; his prior bankruptcies; his refusal to provide information regarding his investments and holdings; and his threats to use nuclear weapons against other sovereign nations. *See* Exhibits A and B.

3.8     Plaintiffs believe that Michael Pence is unfit for office due to, among other factors, his refusal to comply with federal law including *Obergefell v. Hodges* and *Roe v. Wade*; his hostility toward the freedom of and from religion (particularly any religion other than Christianity); his scientifically baseless belief that evolution, climate change, and global warming are "myths;" his support for "conversion therapy" which seeks to "convert" gay, lesbian and transgender people; and his discriminatory policies and statements regarding communities of color. *See* Exhibits A and B.

3.9     Though Hillary Clinton and Timothy Kaine won the majority vote in Washington and are qualified for office, Plaintiffs cannot constitutionally be compelled to vote for them. Plaintiffs are entitled to exercise their judgment and free will to vote for whomever they believe to be the most qualified and fit for the offices of President and Vice President, whether those candidates are Democrats, Republicans, or from a third party. Plaintiffs may vote for a consensus candidate other than Clinton or Trump upon whom electors from both parties and along the ideological spectrum can agree. And they are and should be free to do so if their goal is to exercise their duty as electors to prevent the unqualified Mr. Trump and Mr. Pence from ascending to the highest offices in the United States. *See* Exhibits A and B

3.10    RCW 26A.56.340 requires that presidential electors cast their votes for presidential and vice-presidential nominee of the party for which they were named as electors.

3.11    If they fail to cast their electoral vote as dictated by their party, rather than their own conscience or political beliefs, RCW 26A.56.340 provides that they will be penalized.

VERIFIED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

**IMPACT LAW GROUP PLLC**
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 792-5230 • (206) 452-0655 FAX

3.12     Specifically, RCW 26A.56.340 provides that "[a]ny elector who votes for a person or persons not nominated by the party of which he or she is an elector is subject to a civil penalty of up to one thousand dollars."

3.13     Penalizing presidential electors for exercising their right to cast their vote in accordance with their political beliefs violates the First Amendment's guarantees of freedom of speech.

3.14     Further, by compelling the presidential electors to vote in a predetermined, non-deliberative and winner-take-all manner, RCW 26A.56.340 perpetuates a violation of the Equal Protection Clause of the Fourteenth Amendment by diluting the votes of Washington's electors.

3.15     The purpose of the Electoral College, which is made up of electors such as Plaintiffs, is to elect the President and Vice President of the United States. There is nothing in the Constitution that permits or requires electors to vote the same as the popular vote in their states. For the first 100 years of our history, the majority of states did not hold popular votes for the election of president and vice president and, instead, the states themselves appointed the electors who voted for president and vice president.

3.16     Alexander Hamilton wrote, "the immediate election should be made by men most capable of analyzing the qualities adapted to the station." Federalist No. 68. The electors (the "men") would be "most likely to possess the information and discernment requisite to such complicated investigations." *Id.* The electors were created so that they, as a deliberative body, would be "detached" and less prone to be influenced by the "heats and ferments" of a raucous election. *Id.* The electors would help ensure "the office of President [would] never fall to the lot of any man who is not in an eminent degree endowed with the requisite qualifications." *Id.* The electors create an "obstacle" to "cabal, intrigue, and corruption" and prevent "foreign powers [from] gain[ing] an improper ascendant in our councils." *Id.* The Electoral College, then, including Plaintiffs, must be free to vote for any candidate so as to

VERIFIED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

**IMPACT LAW GROUP PLLC**
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 792-5230 • (206) 452-0655 FAX

avoid electing someone, such as Messrs. Trump and Pence, who only have "[t]alents for low intrigue, and the little arts of popularity." *Id.*

3.17    The requirement that Plaintiffs sign a pledge to vote in a certain manner is constitutional pursuant to *Ray v. Blair*, 343 U.S. 214 (1952). But the Supreme Court noted that compelling compliance with such a pledge may be "legally unenforceable because violative of an assumed constitutional freedom of the elector under the Constitution, Art. II, s 1, to vote as he may choose in the electoral college . . . ." *Id.* at 230 (emphasis added).

3.18    Similarly, while Article II, Section 1 provides that states "shall appoint, in such Manner as the Legislature thereof may direct," electors, the Constitution does not provide that the states shall have the ability to penalize electors or remove electors. Once an elector is appointed, penalizing the elector violates Article II and the First Amendment.

3.19    Penalizing an elector for refusing to vote in conformance with the popular vote in his or her respective state, as set forth above, is tantamount to compelled speech. It also renders superfluous the Electoral College and is antithetical to the purpose of the Electoral College as articulated by Alexander Hamilton, for if the electors are merely to vote for the candidate who won the popular vote in their state, then there is no need for the Electoral College at all.

3.20    Injunctive relief is necessary to prevent the Defendants from violating Plaintiffs' constitutional rights. Without such relief, the Defendants will either penalize Plaintiffs or violate Plaintiffs' First Amendment rights by forcing Plaintiffs to vote the way Defendants want him/her to vote.  In so doing, Plaintiffs' rights will be irreparably harmed.

3.21    This Court can provide declaratory relief because an actual and substantial controversy now exists between Plaintiffs and the Defendants with respect to Plaintiffs' rights and Defendants' rights and duties under RCW 29A.56.300 *et seq*. Plaintiffs' constitutional rights will be directly, substantially, and irreparably violated, affected, and injured unless and until this Court declares any law or regulation requiring electors to vote consistent with the

VERIFIED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

**IMPACT LAW GROUP PLLC**
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 792-5230 • (206) 452-0655 FAX

popular vote in their state, and any law or regulation removing or otherwise penalizing an elector for not doing so, is unconstitutional.

### IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully asks the Court to:

A. Enter an order declaring RCW 29A.56.340 unconstitutional under Article II, Section 1, Amendment I, Amendment XII, and Amendment XIV of the U.S. Constitution;

B. Enter an order permanently enjoining the Defendants from removing and/or replacing or otherwise penalizing any presidential elector who votes for a presidential or vice presidential candidate who did not receive the highest number of votes in a general election in Washington immediately preceding the convention of the electors; and

C. For all such other relief as the Court deems just and proper.

DATED this 8th day of December, 2016.

**IMPACT LAW GROUP PLLC**

*/s/ Sumeer Singla*
Sumeer Singla, WSBA #32852
Jonah O. Harrison, WSBA #34576
1325 Fourth Avenue, Suite 1400
Seattle, WA 98101
T: (206) 792-5230
F: (206) 452-0655
jonah@impactlawgroup.com
sumeer@impactlawgroup.com
*Attorneys for Plaintiffs*

VERIFIED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

**IMPACT LAW GROUP PLLC**
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 792-5230 • (206) 452-0655 FAX