1

The Honorable James L. Robart

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT
                                   WESTERN DISTRICT OF WASHINGTON
9                                              AT SEATTLE

10   P. BRET CHIAFALO and LEVI GUERRA,

11                              Plaintiffs,                    No. 2:16-cv-01886-JLR

12            v.                                               WASHINGTON STATE
                                                              REPUBLICAN PARTY'S
13   JAY INSLEE, in his official capacity as                  MOTION TO INTERVENE
     Governor of Washington, BOB FERGUSON, in
14   his official capacity as Attorney General, and           NOTE ON MOTION CALENDAR:
     KIM WYMAN, in her official capacity as                   DECEMBER 14, 2016 @ 1P.M.
15   Washington Secretary of State,

16                              Defendants.

17

18                            I.      INTRODUCTION

19            Plaintiffs seek to release presidential electors from their obligations to vote for their

20   party's nominee.  Through this motion, the Washington State Republican Party ("Republican

21   Party") seeks to intervene as a defendant.[1]  The Republican Party does so because of its interest

22   in ensuring the validity of laws requiring presidential electors comply with their pledges to vote

23   for their party's nominee.  RCW 29A.56.320 & .340.  Although plaintiffs are Democratic Party

24   electors, the relief they seek – releasing electors from their obligation to vote for a party's

25   nominee – would impair and impede the Republican Party's ability to protect its interest in

26

27   _____
     [1] The Republican Party understands defendants take no position as to the Republican Party's request for
     intervention while plaintiffs declined to stipulate to the Republican Party's intervention.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

ensuring its electors are faithful. If the Court grants plaintiffs' requested relief, it would, as a practical matter, impair or impede the Republican Party's ability to protect its interests - The State defendants cannot adequately represent the interests of a political party in ensuring electors selected by a political party comply with their obligations to the political party.

The Court should join the Republican Party under Fed. R. Civ. P. 19 or, alternatively, grant the Republican Party intervention under Fed. R. Civ. P. 24[2] for the following reasons:

*First*, the Court should grant intervention as of right under Fed R. Civ. P. 24(a) because (1) the Republican Party timely filed this motion, (2) the Republican Party and its members claim significant protectable interests relating to the matters at the heart of this action, (3) disposition of the action may, as a practical matter, impair or impede the Republican Party's ability to protect these interests, and (4) the State of Washington defendants do not adequately represent the interests of the Republican Party and its members.

*Second*, alternatively, if the Court does not join the Republican Party or grant intervention as a matter of right, the Court should grant permissive intervention under Fed. R. Civ. P. 24(b) because (1) the Republican Party has independent grounds for jurisdiction, (2) the Republican Party timely filed this motion, and (3) the Republican Party has defenses that share with the main action common questions of law or fact.

## II.   BACKGROUND

The Republican Party is the governing Republican political committee in the State of Washington.  Every two years, Washington's Republican voters elect local precinct committee officers from their neighborhoods to form county Republican parties.  In turn, the county party central committees elect members of the Republican state committee.  RCW 29A.80.020.  The Republican state committee governs the party between conventions but conventions are the ultimate authority for the Republican Party.  *See King County Republican Central Committee v.*

---

[2] On December 12, 2016, the United States District Court for the District of Colorado granted the Colorado Republican Committee's Motion to Intervene in a similar case. *Baca v. Hickenlooper, Jr.*, No. 16-cv-02986 (D. Colo. Dec. 12, 2016).

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

*Republican State Committee*, 79 Wn.2d 202, 211 (1971).   Declaration of Susan Hutchison

Supporting WSRP Mot. to Intervene ("Hutchison Decl.") ¶2.

The Republican state committee is authorized to "[adopt rules governing its own

organization and the nonstatutory functions of that organization." RCW 29A.80.010.  One

such function is the selection of its candidates and nominees.  *California Democratic Party v.*

*Jones*, 530 U.S. 567, 575 (2000).  Among the Republican Party's rights is the right to

"[p]rovide for the nomination of presidential electors."  RCW 29A.80.020(3); *see also Eu v.*

*San Francisco County Democratic Central Committee*, 489 U.S. 214 (1989) (recognizing a

political party's First Amendment right to organize itself, conduct its affairs, and select its

leaders).

Not surprisingly, the Republican Party has rules governing the selection and duties of its

Presidential electors.  Those rules are of such importance that they have been adopted by the

state convention, the ultimate authority for the Republican Party.  After consideration and

development of the convention rules by a Rules Committee, the 2016 convention adopted the

following rules concerning the selection of Presidential electors:

> ARTICLE VII – ELECTION OF CANDIDATES FOR
> PRESIDENTIAL ELECTOR
>
> Sec.1.  The Convention shall elect twelve (12) Candidates for
> Presidential Elector who are not members of Congress and who
> have signed a pledge.
>
> Sec.2.  A candidate for Elector shall file a declaration of
> candidacy containing the following language:
>
> > "If elected, I pledge that I shall cast my vote for the
> > nominees for President and Vice President of the
> > Republican Party."
>
> Sec.3.  Candidates for Presidential Elector shall so inform the
> Convention Chairman by filing a Declaration of candidacy
> including a pledge in the form set forth above.   The Declaration
> of Candidacy for Presidential Elector form must be fully
> completed and signed and received by the WSRP State
> Headquarters no later than 9:00 a.m., Tuesday, May 17, 2016.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1

      Sec.4. There shall be no nominations from the floor of the Convention for the position of At-Large Candidates for Presidential Elector.

2

3

      Sec.5.  Vacancies occurring in the positions of Candidates for Presidential Elector shall be filled by the WSRP State Committee.

4

5

      Hutchison Decl. ¶3.

6

      Washington's statute acknowledging a political party's right to nominate electors (RCW

7

29A.80.020(3)) and the Republican Party's rules set forth above concerning electors reflect the

8

functionary role of electors.  Electors act on behalf of and subject to the rules of the political

9

party that selected them and exist for the purpose of executing the direction of the state

10

convention.

11

      Indeed, state law reinforces the formal nexus between the political party and the elector.

12

For example, the Legislature requires political parties in Washington that nominate a

13

presidential candidate to also nominate presidential electors for the state.  RCW 29A.56.310.

14

Electors are not free-lancing individuals untethered to the party.  Instead, the Legislature

15

requires the party to select the electors and requires each party or convention file with the

16

Secretary of State a certificate signed by the presiding officer of the convention listing the

17

names and addresses of presidential electors.  RCW 29A.56.320.  Moreover, recognizing the

18

role of electors as carrying out the formal direction of the political party, state law requires each

19

presidential elector to execute and file with the Secretary of State a pledge that, as an elector, he

20

or she will vote for the candidates nominated by that party.  RCW 29A.56.320.  Republican

21

Presidential electors were elected consistent with these state laws and the convention's rules,

22

both of which required electors to pledge to cast the Party's electoral vote for the Party's

23

nominee.

24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

### III.    ARGUMENT

**A.    The Court Should Grant the Republican Party's Intervention as of Right under Rule 24(a).**

Under Rule 24(a), "[o]n timely motion, the court must permit anyone to intervene who: … (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  The Ninth Circuit applies a four-part test under Rule 24(a):  "(1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action."  *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (citation omitted).  In evaluating whether a proposed intervenor meets this test, the Ninth Circuit "normally follow[s] 'practical and equitable considerations' and construe[s] the Rule 'broadly in favor of proposed intervenors.'"  *Id.* at 1179 (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002)).  "A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts."  *City of Los Angeles*, 288 F.3d at 397-98.  In addition, the court must "take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint … in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections."  *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

#### 1.    The Republican Party Timely Filed this Motion to Intervene.

In evaluating timeliness, the court should consider:  (1) "the stage of the proceeding," (2) "the prejudice to other parties," and (3) "the reason for and length of the delay."  *Day v. Apoliona*, 505 F.3d 963, 965 (9th Cir. 2007) (permitting intervention two years into case; "mere lapse of time, without more" does not bar intervention).  The Republican Party's motion meets all three factors.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

The Republican Party has filed this motion early in the proceedings.  Plaintiffs filed their Complaint on Thursday, December 8, 2016.  Dkt. 1.  The Republican Party filed this motion on Monday, December 12, 2016, only two court days after the Complaint was filed. Defendants have not yet responded to the Complaint or plaintiffs Motion for Temporary Restraining Order.  The Court has not held any dispositive hearings or issued any substantive rulings.  As a result, the Republican Party's motion is timely.  *See, e.g.*, *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (intervention motion timely where filed four months after plaintiff sued and one month after plaintiff moved for injunction but before court held hearing or ruled on substantive matters).

In addition, the Republican Party's intervention at this early stage will not prejudice the other parties or disrupt or delay the proceedings.  *See Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (no prejudice where motion to intervene filed "at an early stage of the proceedings").  Indeed, the Republican Party anticipates filing (or joining in) a memorandum in opposition to plaintiffs' Motion for Temporary Restraining Order filed concurrently with this Motion and intends to comply with the briefing and hearing schedule already in place.

Finally, "[i]n analyzing timeliness, [the court] focuse[s] 'on the date the person attempting to intervene should have been aware his 'interest[s] would no longer be protected adequately by the parties,' rather than the date the person learned of the litigation."  *Bates v. Jones*, 127 F.3d 870, 873 (9th Cir. 1997) (permitting intervention on appeal) (citation omitted). Here, the Republican Party learned of this lawsuit on Sunday, December 11, 2016 and filed this Motion the next day.  Hutchison Decl. ¶4.

## 2.  The Republican Party has Significantly Protectable Interests.

The Ninth Circuit's "significantly protectable interest" test "is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process."  *Wilderness Soc'y*, 630 F.3d at 1179 (citation omitted).  "[A] prospective intervenor's asserted interest need ***not*** be protected by the statute

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

under which the litigation is brought to qualify as 'significantly protectable' under Rule 24(a)(2)." *Id.* (quoting *Sierra Club v. U.S. Env'tl Prot. Agency*, 995 F.2d 1478, 1481, 1484 (9th Cir. 1993)) (emphasis added). "Rather, '[i]t is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue.'" *Id.* (quoting *Sierra Club*, 995 F.2d at 1484). Thus, "a prospective intervenor 'has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation.'" *Id.* (quoting *Cal. ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006)). The Republican Party has significantly protectable interests to justify intervention as of right:

*First*, the Republican Party seeks to participate in this lawsuit to protect its interest in its ability to select presidential electors in the manner contemplated by state statute and the Republican Party's rules. Political parties are the only entities in the State legally entitled to nominate electors for President of the United States. The Republican Party does so every four years through its convention. If Washington's Presidential Electors Statute is held unconstitutional or electors may disregard their obligations to their political party and the people of Washington, the Republican Party will be forced to change its process for choosing electors by elevating loyalty to individual candidates or the Party over any other factor. Indeed, if the statute is declared unconstitutional, it could call into doubt the Party's right and ability to select electors at all. Hutchison Decl. ¶5.

*Second*, the Republican Party has an interest in ensuring the protection of its inherent right to adopt and enforce its rules governing its own organization and nonstatutory functions, including the selection of its nominees and the duties and requirements of its presidential electors. Hutchison Decl. ¶6; RCW 29A.80.020(3) (party's rights include providing "for the nomination of presidential electors"); *see also California Democratic Party*, 530 U.S. 577 (striking down California's blanket primary and recognizing a political party's freedom of association is violated when a party is forced "to associate with—to have their nominees, and hence their positions, determined by—those who, at best, have refused to affiliate with the

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

party, and, at worst, have expressly affiliated with a rival."); *see also Eu*, 489 U.S. at 214 (recognizing a political party's First Amendment right to organize itself, conduct its affairs, and select its leaders)

*Third*, the Republican Party has an interest in promoting the election of its nominees for President and Vice-President of the United States.  Hutchison Decl. ¶7.  Selecting candidates and helping them win is the "basic function of a political party." *Kusper v. Pontikes*, 414 U.S. 51, 58 (1973).  Indeed, a party has a First Amendment right to "promot[e] [its] candidates" and to help them win election. *Eu*, 489 U.S. at 224 (1989).  If plaintiffs are successful in persuading a federal court to strike down as unconstitutional a statute intended to promote faithful electors, it will encourage similar lawsuits in other states by electors (of both major parties) seeking to create uncertainty in the results of the election. The Republican Party has a direct, substantial, and legally protectable interest in protecting its nominees from such efforts and results.

### 3. Disposition of the Action Will Impair or Impede the Republican Party's Ability to Protect Its Interests.

A proposed intervenor under Rule 24(a) must show that disposition of the action will put the intervenor at a practical disadvantage in protecting its interests.  The Court should allow intervention "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action." *Citizens for Balanced Use*, 647 F.3d at 898 (quoting Fed. R. Civ. P. 24 advisory committee's note).

Absent intervention, the Court's legal determinations will place the Republican Party and its members at a practical disadvantage in protecting their interests.  On the one hand, if plaintiffs prevail in this lawsuit and the State decides *not* to appeal, the Republican Party will have no way to appeal the Court's ruling and thus to protect its rights to ensure faithful electors. *See Michigan State AFL-CIO v. Miller*, 103 F.3d at 1240, 1245 (6th Cir. 1997) (permitting chamber of commerce to intervene where, among other things, amicus status would not protect chamber's ability to seek appellate review if original parties failed to appeal).  On the other

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1   hand, if the plaintiffs *were* to appeal an adverse ruling from this Court, the Republican Party's

2   corollaries in other states would face a practical disadvantage in attempting to uphold similar

3   laws promoting faithful electors as an appellate court's decision here "[would] have a

4   persuasive *stare decisis* effect in any parallel or subsequent litigation."  *United States v.*

5   *Oregon*, 839 F.2d 635, 638 (9th Cir. 1988).  The Ninth Circuit has "said that such a *stare*

6   *decisis* effect is an important consideration in determining the extent to which an applicant's

7   interest may be impaired."  *Id.*

### 4.   The State of Washington Defendants Inadequately Represent the Republican Party's Interests.

8   
9   Courts in the Ninth Circuit consider several factors in determining whether an existing

10   party will adequately represent an intervenor's interests.  These factors include "(1) whether the

11   interest of a present party is such that it will undoubtedly make ***all*** the intervenor's arguments;

12   (2) whether the present party is capable and willing to make such arguments; and (3) whether

13   the would-be intervenor would offer any necessary elements to the proceedings that other

14   parties would neglect."  *City of Los Angeles*, 288 F.3d at 398 (emphasis added) (citation

15   omitted).  A proposed intervenor generally faces a minimal burden of establishing inadequacy

16   of representation.  *See id.*  When the government acts on behalf of its constituency, or when the

17   present party and intervenor share the same interests, a presumption of adequacy exists.  *See*

18   *Citizens for Balanced Use*, 647 F.3d at 898.  But even under these circumstances, the Ninth

19   Circuit has "stress[ed] that intervention of right does not require absolute certainty that a

20   party's interests will be impaired or that existing parties will not adequately represent its

21   interests."  *Id.* at 900.  Rather, the intervenor need only show the existing parties "***may*** not

22   adequately protect their interests."  *Id.* (emphasis added).

23   Here, the Republican Party presumes the State will defend its statutes and oppose

24   plaintiffs' request for equitable relief but the State will still not adequately protect the

25   Republican Party's interests because it is unlikely to make "all" of the Republican Party's

26   arguments.  For example, the State is unlikely to raise arguments concerning the authority of

WSRP MOT. TO INTERVENE (2:16-cv-01886-JLR) - 9
DWT 30904854v1 0050033-000352

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

political parties' conventions or the inherent rights of political parties to adopt and enforce their own rules.  Similarly, the State is unlikely to make (and should not reasonably make) arguments intended to protect the interests of political parties in the outcome of the election.

**B.      In the Alternative, the Court Should Grant the Republican Party Leave to Intervene under Rule 24(b).**

Under Rule 24(b)(1)(B), on a "timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact."  In ruling on a motion for permissive intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1)(B).  Courts in the Ninth Circuit "may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common."  *City of Los Angeles*, 288 F.3d at 403.  The Republican Party meets all three criteria.

*First*, the Court has independent grounds for jurisdiction over the Republican Party under 28 U.S.C. § 1367(a), which permits the Court to exercise supplemental jurisdiction for "the intervention of additional parties" where the claims are so related to the "claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

*Second*, as discussed above, the Republican Party's motion is timely.

*Third*, the Republican Party's defense and the main action have questions of law and fact in common.  The Republican Party's defense includes recognizing the validity of pledges and the natural consequence of being able to promote faithful compliance with such pledges. The defense arises from the same set of facts – electors make pledges and are subject to state laws concerning those pledges – as the main action and present the same fundamental legal question.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

## IV.   CONCLUSION

For the foregoing reasons, the Republican Party respectfully requests that the Court permit it to intervene under Fed. R. Civ. P. 24.

DATED this 12th day of December, 2016.

Davis Wright Tremaine LLP, *Attorneys for Washington State Republican Party*

By *s/ Robert J. Maguire*
   Robert J. Maguire, WSBA #29909

By *s/ Harry J.F. Korrell*
   Harry J. F. Korrell, WSBA #23173

1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Telephone: (206) 622-3150
Fax: (206)757-7700
E-mail: robmaguire@dwt.com
E-mail: harrykorrell@dwt.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Jonah Harrison | jonah@impactlawgroup.com |
| Sumeer Singla | sumeer@impactlawgroup.com |
| Callie A. Castillo | calliec@atg.wa.gov |

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

n/a

I certify under penalty of perjury that the foregoing is true and correct.  Executed at Seattle, Washington this 12th day of December, 2016.

*s/ Robert J. Maguire*
Robert J. Maguire

WSRP MOT. TO INTERVENE (2:16-cv-01886-JLR) - 12
DWT 30904854v1 0050033-000352

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax