The Honorable James L. Robart
Hearing Set for: December 14, 2016
at 1:30 p.m.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BRET CHIAFALO and LEVI GUERRA,<br><br>Plaintiffs,<br><br>v.<br><br>JAY INSLEE, in his official capacity as Governor of Washington , BOB FERGUSON, in his office capacity as Attorney General of Washington, and KIM WYMAN, in her official capacity as Washington Secretary of State,<br><br>Defendants. | CASE NO. 2:16-cv-01886-JLR<br><br>PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

## I.   AUTHORITY AND ARGUMENT

Defendants concede they have no compelling interest in preventing Mr. Chiafalo and Ms. Guerra from voting according to their conscience as presidential electors. In Defendants' words, "nothing in state law prevents electors from actually casting a ballot for the candidate of their choosing." Defendants go on to note, "no one can say with certainty when or whether the civil penalty provision would be enforced or in what amount, as it has never occurred before in Washington State."

PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 1
NO. 2:16-CV-01886-JLR

IMPACT LAW GROUP PLLC
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 792-5230 • (206) 452-0655 FAX

Defendants appear to concede, then, that the balance of equities here tips strongly in Plaintiffs' favor. They have a strong, articulated interest in exercising their right to freely express their political beliefs and to do so without the fear of being penalized by the state. The State of Washington, in contrast, does not even have any laws expressly preventing an elector from voting as they choose and does not, as Defendants' response indicates, even intend to enforce the monetary penalty that *does* exist.

### A. Plaintiffs are likely to prevail on the merits

**a. Defendants correctly note that Washington law does not prevent electors from casting their ballots for the candidate of their choice – nor does the United States Constitution.**

Defendants concede that Washington law does not "prevent them from casting their electoral ballots in any particular way." Response, p. 7. Likewise, nothing in Article II or Amendment Twelve of the United States Constitution prevents Plaintiffs from exercising their discretion to cast their electoral ballots as they choose.

To the contrary, as Defendants themselves note, "[d]oubtless it was supposed that the electors would exercise a reasonable independence and fair judgment in the selection of the chief executive." *McPherson v. Blacker*, 146 U.S. 1, 36, 13 S. Ct. 3, 11, 36 L. Ed. 869 (1892).

Defendants juxtapose Washington with other states that actually mandate electors vote a certain way, by saying Washington imposes only a discretionary monetary penalty if those electors "exercise a reasonable independence and fair judgment in the selection of the chief executive" that conflicts with the dictates of their party. If the argument is that Washington is excused because it does not violate its electors' First Amendment rights in the same way as Oklahoma, Michigan and Minnesota, Washington is hardly to be applauded. RCW

PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 2
NO. 2:16-CV-01886-JLR

**IMPACT LAW GROUP PLLC**
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 792-5230 • (206) 452-0655 FAX

29A.56.340, while it does not expressly allow the Washington Secretary of State to remove an elector or reject a ballot, imposes the same chilling, coercive effect on speech by threatening electors with a significant monetary penalty for voting "for a person or persons not nominated by the party of which he or she is an elector."

### b. The monetary penalty of RCW 29A.56.340 cannot withstand constitutional scrutiny.

#### i. The plenary power to select electors is not the plenary power to dictate their vote

Article II does provide the states power to appoint electors "subject to other possible constitutional limitations." Response, p. 8. But Defendants incorrectly conflate the grant of plenary power to appoint electors with directing the candidate for whom those electors cast their votes. Notably, while Defendants assert the State has a legitimate objective in facilitating effective democratic government, they give no rationale for how penalizing an elector for voting or not voting for a particular candidate furthers that objective. To the contrary, the notion that the State should coerce a Washington citizen to vote in a manner dictated by others is antithetical to the very notion of our form of government.

#### ii. Plaintiffs have a constitutional right to the free exercise of political speech

"Speech is an essential mechanism of democracy, for it is the means to hold officials accountable to the people." *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 339–40, 130 S. Ct. 876, 898, 175 L. Ed. 2d 753 (2010) (citing *Buckley v. Valeo,* 424 U.S. 1, 14-15, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976) (per curiam) ("In a republic where the people are sovereign, the ability of the citizenry to make informed choices among candidates for office is essential"). "The right of citizens to inquire, to hear, to speak, and to use information to reach

PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 3
NO. 2:16-CV-01886-JLR

**IMPACT LAW GROUP PLLC**
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 792-5230 • (206) 452-0655 FAX

consensus is a precondition to enlightened self-government and a necessary means to protect it." *Id.* "Discussion of public issues and debate on the qualifications of candidates are integral to the operation of the system of government established by our Constitution." *Buckley,* 424 U.S. at 14.

"For these reasons, political speech must prevail against laws that would suppress it, whether by design or inadvertence." *Citizens United*, 558 U.S. at 340. "Laws that burden political speech are 'subject to strict scrutiny,' which requires the Government to prove that the restriction 'furthers a compelling interest and is narrowly tailored to achieve that interest.'" *Id.* (quoting *Federal Election Comm'n v. Wisconsin Right to Life, Inc.,* 551 U.S. 449, 464, 127 S.Ct. 2652, 168 L.Ed.2d 329.

Whether "by design or inadvertence" RCW 29A.56.340 imposes a burden on Plaintiffs' exercise of political speech. If they exercise their essential right to express their "informed choice among candidates for office," they are subject to a civil penalty by the State. Defendants do nothing to show the State has a compelling interest in this penalty or in restricting the electors' speech in any way. Rather, in contrast to the primacy of Plaintiffs' free speech interests, the state merely claims that argument about assertion their rights has "already been *implicitly* dismissed" by *McPherson*. "Implicit" restrictions on free speech are not enough to meet the government's strict scrutiny burden.

**B. Plaintiffs' expect to suffer irreparable harm and a preliminary injunction is appropriate.**

Defendants hedge their bets attempting to minimize the real irreparable harm the Plaintiffs will suffer if they vote for someone other than the Democratic Presidential Nominees. Defendants concede Plaintiffs can vote for any candidate of their choosing.

PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 4
NO. 2:16-CV-01886-JLR

**IMPACT LAW GROUP PLLC**
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 792-5230 • (206) 452-0655 FAX

Response, p. 6: 20-22 ("nothing in state law prevents electors from actually casting a ballot for the candidate of their choosing."). Defendants claim that the only recourse for an elector violating his or her pledge is a "modest" civil penalty, but then assert that they are not certain whether they will even impose such penalty because it has never been previously imposed. Response, p. 14: 6-10 ("even if Plaintiffs remain . . . and choose to cast their vote for candidate other than the Party's Presidential Nominees, no one can say with certainty when or whether the civil penalty would be enforced or in what amount, as it has never before occurred in Washington State.").

If Defendants are conceding they will not impose the civil penalty if Plaintiffs chose to vote for a candidate other than the Democratic Presidential Nominees, they are stipulating to the relief requested by Plaintiffs. Defendants are therefore conceding that Plaintiffs may vote for a candidate of their choosing without threat of a civil penalty.

If, on the other hand, Defendants are intending to impose a civil penalty, Plaintiffs will suffer irreparable harm. Defendants' reliance upon two cases to assert that onerous civil penalties do not become irreparable harm until such assessments are final is misplaced. In *Thunder Basin Coal v. Reich*, the Court conceded that the Secretary of Labor's penalties would be "unquestionably" onerous, but the assessments had not become final at the time the Court considered the matter. 510 U.S. 200, 217-18 (1994). In that case, the Court primarily focused on whether Plaintiffs suffered "serious harm" by not complying with the statutory requirements to post the requisite designations. *Id.* at 216-17. In *Hobby Lobby v. Sebelius*, Justice Sotomayor stated that Plaintiffs had not shown how paying significant fines would result in irreparable harm. *Hobby Lobby v. Sebelius,* 113 S.Ct 641, 643 (2012).

PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 5
NO. 2:16-CV-01886-JLR

**IMPACT LAW GROUP PLLC**
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 792-5230 • (206) 452-0655 FAX

Here, a $1,000 civil penalty is not "modest."[1] Plaintiff Guerra, for instance, is a nineteen year-old college student, and supports herself with full-time work. She does not receive any family financial support and her family cannot afford to support her. For Ms. Guerra, $1,000 is significant and she simply would not be able to pay this fine. A threat of a civil penalty has intimated Ms. Guerra and has cast doubt on whether and how she should exercise her constitutional right to vote in the Electoral College.

Defendants presume that all litigants are similarly situated and can somehow afford the cost of litigation, cost of administrative appeals, and fines. The Department of Justice ("DOJ") recognized in a letter to district and municipal court judges that individuals who are forced to pay fines for crimes and *civil infractions* "confront escalating debt; face repeated, unnecessary incarceration or nonpayment despite posing no danger to the community; lose their job; and become trapped in cycles of poverty that can be nearly impossible to escape." *See* Declaration of Sumeer Singla in Support of Plaintiffs Reply to the Motion of Injunctive Relief, **Exhibit A** (Letter for Department of Justice, Civil Rights Division, Office of Access to Justice, dated March 14, 2016). Plaintiff Guerra is one of those individuals who will suffer a crippling blow should a fine be imposed. She will most likely not have the capacity to challenge the civil penalty through an administrative proceeding. This fine will subsequently result in the impacts outlined in the DOJ letter, and will trap Ms. Guerra in a cycle of poverty – all simply because she wanted to exercise her constitutional right.

Plaintiffs have sufficiently demonstrated the immeasurable burden they will suffer should the Court allow the Defendants to continue to threaten them with a civil penalty for

---

[1] Washington Law mandates that a Defendant convicted of a misdemeanor crime be subject to a fine of up to $1,000 and 90 days in jail. RCW 29A.56.340 does not call for a criminal sanction or jail time, but does call for a penalty similar to a misdemeanor conviction.

PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 6
NO. 2:16-CV-01886-JLR

**IMPACT LAW GROUP PLLC**
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 792-5230 • (206) 452-0655 FAX

exercising their constitutional rights. This is the exact type of circumstance where an injunction and a restraining order is warranted before irreparable harm is realized.

## II. CONCLUSION

Plaintiffs are likely to succeed on the merits of their claims: even Defendants concede Plaintiffs cannot be removed for voting a certain way and do not articulate any compelling state interest in punishing them for doing so.  It is the Defendants' burden to articulate such an interest and their failure to do so demonstrates Plaintiffs' likelihood of success on the merits. Likewise, despite the State's assertion that a $1,000 fine for exercising free speech is minimal, it is not an irreparable harm; it is a burden on the exercise of free speech that creates a chilling effect.  If it chills a single elector's ability to exercise their rights on December 19, that harm cannot be repaired.  As stated above, the equities tip in Plaintiff's favor.  Defendants' do not seem to even argue any equitable interest in compelling a particular vote, much less a compelling interest in enforcing an individual's supposed agreement with a political party. Finally, an injunction allowing our electors to vote their conscience is in the public interest; it is at the very core of the founders' vision of the Electoral College.

DATED this 13th day of December, 2016.

**IMPACT LAW GROUP PLLC**

*/s/ Jonah O. Harrison*
Jonah O. Harrison, WSBA #34576
Sumeer Singla, WSBA #32852
1325 Fourth Avenue, Suite 1400
Seattle, WA 98101
T:  (206) 792-5230

PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION - 7
NO. 2:16-CV-01886-JLR

**IMPACT LAW GROUP PLLC**
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 792-5230 • (206) 452-0655 FAX

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

F:  (206) 452-0655
jonah@impactlawgroup.com
sumeer@impactlawgroup.com
*Attorneys for Plaintiffs*

PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 8
NO. 2:16-CV-01886-JLR

**IMPACT LAW GROUP PLLC**
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 792-5230 • (206) 452-0655 FAX

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 13, 2016, the attached document was presented to the Clerk of Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of Court will send e-mail notification of such filing to the following persons:

Callie A. Castillo
Rebecca R. Glasgow
Deputy Solicitors General
Office of the Attorney General
PO Box 40100
Olympia, WA 98504-0100
(360) 664-9018
CallieC@atg.wa.gov
RebeccaG@atg.wa.gov

Robert A. McGuire, III
Robert A. McGuire, III
2703 Jahn Avenue NW, Suite C-7
Gig Harbor, WA 98335
Telephone: (253) 313-5485
 Fax: (866) 352-1051
E-mail: ram@lawram.com

Robert J. Maguire
Harry J. F. Korrell
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Telephone: (206) 622-3150 Fax: (206)757-7700
E-mail: robmaguire@dwt.com
E-mail: harrykorrell@dwt.com

DATED this 13th day of December, 2016 at Seattle, Washington.

/s/ Heather Persun
Heather Persun

PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 9
NO. 2:16-CV-01886-JLR

**IMPACT LAW GROUP PLLC**
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 792-5230 • (206) 452-0655 FAX